**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **JP MORGAN MORTGAGE ACQUISITION CORP.,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No.**  7:21-cv-00016 |
| **CESAR JACOB AND SALLY CHAVEZ,** | § § § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, JP Morgan Mortgage Acquisition Corp. ("Plaintiff" or "JP Morgan"), and files this its *Original Complaint* against Cesar Jacob and Sally Chavez ("Defendants" or "Borrowers"), and would respectfully show the Court as follows:

**I.  PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff is a corporation that has its headquarters in New York. Therefore, JP Morgan is a citizen of New York for diversity purposes.

2.      Defendant Cesar Jacob is a citizen of Texas an obligor under the Loan Agreement. He may be served with process at 1103 E. 49th Street, Odessa, Texas 79762, or at such other place as he may be found. Summons is requested.

3.      Defendant Sally Chavez is a citizen of Texas and a borrower under the Loan Agreement. She may be served with process at 1103 E. 49th Street, Odessa, Texas 79762, or at such other place as she may be found. Summons is requested.

4.      This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds

$75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. In an action for declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured by the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). If unable to foreclose on the Property, Plaintiff stands to lose the value of the Property, plus any associated interest. Therefore, the value of the Property determines the amount in controversy. *See e.g., McDonald v. Deutsche Bank Nat. Trust Co.,* 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and the amount in controversy is equal to the value of the property"). According to the Ector County Central Appraisal District Website, the Property involved in this matter is valued at $162,254.00. Therefore, the amount in controversy is well in excess of $75,000.00.

5.     Venue is proper in this district and division, the United States District Court for the Western District of Texas, Midland-Odessa Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

6.     On or about July 19, 2007, Defendant Cesar Jacob executed that certain *Texas Home Equity Note* (the "Note") in the original principal amount of $81,000.00 payable to Countywide Home Loans, Inc. and bearing interest at the rate of 12.000% per annum. A true and correct copy of the Note is attached hereto as <u>Exhibit A.</u>

7.     Concurrently with the Note, Defendants Cesar Jacob and Sally Chavez ("Borrowers") executed that certain *Texas Home Equity Security Instrument* (the "Security

Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in certain real property and improvements located in Ector County, Texas, commonly known as 1103 E. 49th Street, Odessa, Texas 79762, and more particularly described as:

> LOT 7, BLOCK 45, SHERWOOD ADDITION, 5TH FILING, AN ADDITION TO THE CITY OF ODESSA, ECTOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN VOLUME 4, PAGE 20, PLAT RECORDS, ECTOR COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Ector County, Texas on August 16, 2007 under Document No. 00013600. A true and correct copy of the Security Instrument is attached hereto as Exhibit B.

8.      Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code. Further, Plaintiff is the last assignee of record pursuant to a chain of assignments. True and correct copies of the chain of assignments into Plaintiff are attached hereto as Exhibit C.

9.      Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

10.     The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

11.     Defendants have failed to make payments on the Note and has failed to comply with any and all of the covenants and conditions of the Security Instrument. On December 20, 2019, a Notice of Default ("Notice of Default") was sent to Defendant Cesar Jacob in accordance

with section 51.002(d) of the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as Exhibit D.

12.     The default was not cured. On April 1, 2020, a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was sent to Defendants at their last known address. A true and correct copy of the Notice of Acceleration is attached hereto as Exhibit E.

13.     In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.  Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – DECLARATORY JUDGMENT

14.     The foregoing paragraphs are incorporated by reference for all purposes.

15.     Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

16.     Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the his failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against the Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrowers.

## IV. CAUSE OF ACTION - FORECLOSURE

17.     The foregoing paragraphs are incorporated by reference for all purposes.

18.     Plaintiff asserts a cause of action for judicial foreclosure against Defendants. Plaintiff has fully performed its obligations under the Loan Agreement, however, the Borrowers have failed to make the payments required under the Note, which constitutes an event of default.

19.     The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note.  Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

20.     Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendants, personally.

21.     All conditions precedent have been performed or have occurred.

## V. TRESSPASS TO TRY TITLE

22.     The foregoing paragraphs are incorporated by reference for all purposes.

23.     Concurrent with Plaintiff acquiring all of Defendants' right, title and interest in the Property by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under 28 U.S. Code § 2201, that Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

## VI. WRIT OF POSSESSION

24.      The foregoing paragraphs are incorporated by reference for all purposes.

25.      If any person occupies or claims possession of the Property after transfer of all right, title and interest in the Property by trustee's or sheriff's deed, Plaintiff requests a writ of possession against Occupant in accordance with Texas Rule of Civil Procedure 310.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendants be cited to appear and answer, and the Court enter judgment granting:

a.      a declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

c.      a declaration that due to a breach of the Loan Agreement, Plaintiff's lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d.      a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

e.      attorneys' fees and costs of suit, not as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument; and

f.      all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By:  /s/ Mark D. Cronenwett
     **MARK D. CRONENWETT**
     Texas Bar No. 00787303
     mcronenwett@mwzmlaw.com

     **JONATHAN C. SMITH**
     Texas Bar No. 24103940
     jsmith@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**